[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit



No. 97-1062

UNITED STATES,
Appellee,

v.

HIPOCRATE NAVEO-MORCELLO, A/K/A LUIS SANCHEZ,
Defendant - Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge] 



Before

Boudin, Circuit Judge, 

Hill,* Senior Circuit Judge, 

and Pollak,** Senior District Judge. 



Merle Ruth Hass, by appointment of the Court, with whom 
Applegate, Valauskas & Rosen was on brief for appellant. 
Kevin O'Regan, Assistant United States Attorney, with whom 
Donald K. Stern, United States Attorney, was on brief for 
appellee.



November 26, 1997



 

* Of the Eleventh Circuit, sitting by designation.

** Of the Eastern District of Pennsylvania, sitting by
designation.

HILL, Senior Circuit Judge. Defendant-Appellant HILL, Senior Circuit Judge. 

Hip crate Naveo-Morcello appeals the district court s denial of

his motion to dismiss the indictment, charging him with illegal

reentry after deportation, in violation of 8 U.S.C. 1326. The

district court sentenced Naveo-Morcello to fifty-one months in

prison and three years supervised release. His appeal is based

on the ground that his prior deportation from the United States

was unlawful.

Under United States v. Mendoza-L pez, 107 S. Ct. 2148 

(1987), the Supreme Court held that where a defendant s prior

deportation constitutes a critical element of his alleged crime,

and where meaningful judicial review of that order is denied,

then a court must review the prior deportation order. Id. at 

2154-55.

Here, in a well-considered opinion, the district court

found that Naveo-Morcello had voluntarily and knowingly waived

his right to judicial review. It also found that his decision to

leave the country was not due to unconscionable Government

conduct. See, e.g., United States v. Vieira-Candelario, 6 F.3d 

12, 15 (1st Cir. 1993). It concluded that Naveo-Morcello s

collateral attack of his deportation was foreclosed under

Mendoza-L pez. We agree. 

We recognize that court-appointed counsel for Naveo-

Morcello in this appeal was presented with the proverbial sow s

ear, from which, in brief and oral argument, she sought to make a

-2-

silk purse. In spite of her commendable effort, that end was not

achieved.

There being no error, the district court s denial of

Naveo-Morcello s motion to dismiss the indictment is affirmed.

AFFIRMED. AFFIRMED.

-3-